H9f
1

United States District Court
Southern District of Texas
FILED

FEB 25 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNVILLE DIVISION

CA- B-02-035

UNITED STATES OF AMERICA
Plaintiff

vs

Case Number
1 00cr00334 001

JOSE ALEXANDER RAPALO-FAJARDO
Defendant

_____

MOTION SEEKING TO VACATE, SET ASIDE AND TO REVIEW, RECONSIDER THE PREVIOUSLY ENTERED CONVICTIONS AND SENTENCES THERETO PURSUANT TO 18 USC 3582[c] [2] AND 1B.1[0] AND ALSO UNDER 28 USC 2241 AND 2255.

Defendant herein[named], and [through the undersigned] appearing in the above entitled matter[s] moves this court for the issuance of an order and /or orders to vacate, set aside and to review and reconsider the previously entered convictions and sentences attached thereto, under 18 USC 3582[c], [2]and 1B1.1[0], and also pursuant to 28 USC 2241 and 2255.

In support thereof [the] defendant sets forth the follows:

- 1 -

IN RE
USA vs Rapalo Fajardo Alexander
1OOcr00334001

## STATEMENTS OF THE ISSUES PRESENTED FOR REVIEW

WHETHER DEFENDANT GUIDELINES RANGE[S] AS IT REFLECTS A 16 POINT[S] ENHANCEMENT WAS REASONABLE AND OR PERHAPS CONSTITUTE[S] AN BUSE OF DISCRETION.

WHETHER [THE] COURT SHOULD HAVE CONSIDERED DEFENDANT IMMIGRATION STATUS FOR THE PURPOSE OF THE GUIDELINE[S] RANGE IN THIS PARTICULAR CASE.

## STATEMENT OF THE CASE

Mr. Rapalo Fajardo was charged by indictment filed on August 01, 2000, in the United States District Court for the Southern District of Texas, Brownsville Division, with illegal

IN RE USA vs Rapalo Fajardo Alexander
1 00cr00334 001

re-entry in[to] the United States in violation of 8 USC 1326.

Mr. Rapalo Fajardo is a citizen and national of Honduras. On July 10, 2000, he was apprehended by the US Border Patrol Agent[s] hiding in brushes west of the Border Patrol Checkpoint located at Sarita, Texas. Further investigation also revealed that Mr. Rapalo Fajardo had been convicted previously of transporting and/or selling a Controlled Substance in San Francisco County, California and, following that conviction he was deported on March 28, 2000 from the United States to Honduras.

## BASIS FOR THE JURISDICTION

This request for review is from the criminal conviction of defendant Rapalo Fajardo Jose Alexander in connection with the unlawful re entry in[to] the United States in violation of 8 USC 1326.

This court has jurisdiction over this matter as, it is from a final judgment [order] entered within the District Court geographical jurisdiction pursuant to 28 USC 1291 and 1291[1].

The defendant is in custody under the service of 57 months[s] term of imprisonment imposed on 01/09/2001 and, based upon his earnings statutory good time credits under 18 USC 3624, the estimate release date is 08/28/2004.

IN RE USA vs RAPALO FAJARDO JOSE ALEXANDER
1 00CR00334 001

## TABLE OF CONTENTS

TABLE OF CASES AND OTHER AUTHORITIES _____

PRIOR OR RELATED APPEALS _____

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW _____

STATEMENT OF THE CASE AND STATEMENT OF FACTS _____

SUMMARY OF ARGUMENT _____

ARGUMENT _____

## ARGUMENT

# IN RE USA vs RAPALO FAJARDO JOSE ALEXANDER
# 1 00CR00334 001

**STANDARD OF REVIEW** _____

**BRIEF FORMAT** _____

**CONCLUSION** _____

**AFFIDAVIT OF SERVICE** _____

IN RE USA vs RAPALO FAJARDO, JOSE ALEXANDER
1 00CR00334 001

PROCEEDINGS IN DISTRICT COURT

INDICTMENT

THE GRAND JURY CHARGES

On or about June 06, 2000, in the Brownsville Division of the Southern District of Texas,

RAPALO FAJARDO, JOSE ALEXANDER

Defendant herein, an alien previously excluded, deported, and removed from the United States was found present in the United States, at Austin, Texas, without having obtained consent from the Attorney General of the United States to apply for re admission into the United States. [In violation of Title 8, United States Code, Sec. 1326.

IN RE  USA  vs  Rapalo Fajardo Jose Alexander
100cr00334001

A TRUE BILL

THE OFFENSE CONDUCT

Mr. Rapalo Fajardo was apprehended by United States Border Patrol agents hiding in brush west of the Border Patrol checkpoint located at Sarita, Texas. He admitted that he was in the United States illegally and that he had crossed the Rio Grande River near Brownsville, Texas. Further investigation revealed that Mr Rapalo Fajardo, had been convicted on or about August 12,1999, of transporting and/or selling substance in San Francisco County, California as a result, he was deported on March 28,2000.

IN RE USA vs Rapalo Fajardo, Jose Alexander
1 00cr00334 001

## STATEMENT OF FACTS

Rapalo Fajardo was arrested in the Southern District of Texas, by Border Patrol agents for unlawful re entry in[to] the United States after being previously deported from the United States for the convictions of a felony[ transporting and attempt sale of controlled substance]..

As the indictment did not allege the previous felony conviction, Mr. Rapalo Fajardo objected to the 16 points enhancement to the guideline[s] range.

He was assigned counsel for representation [ by the court for all purposes]. Mr. Rapalo argued that because the indictment did not include his previous indictment, an element of the crime of unlawful re entry, 16 points should not have been added upon his guideline ranges.

Indeed, he had been convicted only of transporting a [small] quantity of a controlled substance and had only received a one [1] year sentence of imprisonment to be followed by 3 years [of] probation.

Defendant is a citizen and national of Honduras and, does not have a significant criminal past and /or criminal history etc.., the court added a 16 [enhancement] points to the guideline ranges. 2L1.2 provides for either 4 points and/or 8 points to be added to the guidelines if the defendant did not receive a sentence exceeding 18 or 24 months of

- 8 -

IN RE 100CR00334 001
USA vs. Rapalo Fajardo Jose Alexander

imprisonment and or that the enhancement would over represent the seriousness of defendant characteristic[s] and/or criminal history etc.

Defendant is the father of 5 children living in Honduras and, he's also a husband as he has been married for several years. He does not have and or has never been accused of an offense giving rise to violence and /or sexual misconduct etc..,

Defendant was sentenced to 57 months of imprisonment in the instant case in the custody of the BOP.[BUREAU OF PRISON]

As an immigrant and/a non United States citizen, he's been placed in not, a regular BOP facilities but, rather a private Correction Company affiliated to the BOP "Cornell Correction[s]" designed for non US citizens. It's a facility[ies] where the inmate[s], mostly foreign nationl[s] are housed. They don't receive the basic[s] services such as full medical care[s], courses of studies, high school[s], college and or Trade School[s], not even Substance Abuse Program[s], and/or basic pre release program[s]. These programs and/or necessaries are ordinarily given/ granted to inmates of the BOP systems [ sometimes through Court Orders[ by District Court[s]].

Mr Rapalo is not getting any of these benefits and/or program[s].
Perhaps it's also fair and/or note worthy, that the court, upon sentencing the defendant [herein] was not aware and/or did not anticipate that he would be subjected to such [harsh] conditions [but] for his immigration status.

We don't know that the court would have approached the sentencing process differently and whether the adoption would have been significantly otherwise.

- 9 -

IN RE   USA   vs   Rapalo Fajardo, Jose Alexander
100cr00334 001

Mr.Rapalo Fajardo filed a timely notice of appeal[s]. The court of appeal[s] had since affirmed the convictions and sentences thereto. On appeal, he had argued that the indictment had failed to state a claim[s] as to his previous felony conviction[s] and the basis for a 16 points enhancement to the guideline[s] etc..

IN RE  USA  vs  Rapalo Fajardo, Jose Alexander
100cr00334 001

## SUMMARY OF ARGUMENT

The issues here are whether a previous felony conviction may be purposely omitted from the indictment and if so whether 16 points should be added to Mr Rapalo Fajardo guidelnes range[s]., in violation of 8 USC 1326[b]. The adoption of the guideline range set forth in thePSI report as it reflects the 16 points enhancement[s], is one of reasonableness.

The defendant [herein] was convicted of the offense of re entry after a deportation attached to felonious conviction.

Additionally, the court did not anticipate [that] Mr. Rapalo Fajardo's would be spent in such harsh and inhuman condition[s] as a result of his immigration status[ a non United States citizen].[ USA  vs  Restrepo] [2nd cir. 1993] [ Claiming collateral consequences].

The sentence proceedings should be reviewed, allowing this court to cure. for defendant substantial right[s] have been affected etc.

IN RE  USA  vs Rapalo Fajardo , Jose Alexander
100cr00334 001

## ARGUMENT

For aggravating or mitigating circumstances to be considered as factor[s] for departure from guidelines range in sentencing, circumstance must be tied to some penological purpose or legitimate sentencing concern expressed in Sentencing Reform Act. U.S vs Crippen  C.A 9[OR] 1992.   961 F2d 882.

Sentencing guidelines authorize district court to examine every permissible factor, both enhancing and mitigating, that affect a particular term of punishment. U.S  vs Lara Velasquez  C.A  5[Tex] 919 F2d 946.

A defect [to be cured and corrected] is not waived by a guilty plea. Morales Rosales 838 F2d 1359 [5th Cir.1988]. Also the legality of the district court imposition of a criminal sentence is reviewed de novo  United States vs.  Female Juvenile   103 F3d 14  [5th Cir. 1996].

In determining  whether to depart upward from the sentencing guideline, Sentencing Court must identify circumstances that was not adequately considered by Sentencing Com [    ] Commission in devising guidelines and decide if circumstance is of sufficient  importance and magnitude that departure should result, and extent of departure must be reasonable. see United States  vs. Fonner, C A 7 [ILL.]  920 F2d 1330

983  F2d 558.

In general, sentence will be upheld on review unless it was imposed in violation of law,

- 12 -

imposed as a result of incorrect application of the SentencingGuidelines, or outside of range of applicable guideline and is unreasonable. USSG 1B1.1 et seq., 18 USCA.

Also, this court has the authority to review defendant's request to consider the application of amended guidelines and/or downward departure as this court decision to adopt the guideline range sets forth in the PSR Report, was based upon the erroneous belief [that] it did not have the authority to depart downwards and or to depart a lower guidelines range etc. USSG 4 A1.3 P.S., 18 USCA.

The maximum sentence for un lawful re entry, without a prior felony conviction[s] is 24 months, and this has failed to and or was otherwise unaware of the purported and/or possible hardship of defendant imprisonment base upon his immigration status United States vs. Restrepo 999 F2d 640 [ 2nd cir. 1993][ citing collateral consequences], the 57 month sentence received by Mr Rapalo Fajardo is unlawful and should be vacated.

IN RE USA v. Rapalo Fajardo, Jose Alexander

100cr00334001

−14−

## CONCLUSION

For the reasons set forth hereto, this matter should be put over for further proceedings and review etc..,

Yours etc

Rapalo Fajardo Jose A
Defendant

IN RE   USA   v.   Rapalo  Fajardo Jose Alexander
100cr00334

–15–

## AFFIRMATION

I have mailed and submitted a true and correct copy /and/or copies of the for[e]going to the Offices of the United States Attorney[ Assistant US Attorney] at 600 E Harrison Brownsville, Texas [US Federal Court Building, Southern District of Texas, Brownsville Div.] 78520, on [date] 02/18/2002.

By *[signature]*
Defendant

## TABLE OF CASES

United States vs. Restrepo
_____

United States vs. Crippen
961 F2d. 882 _____

United Sattes vs. Lara Velasquez
919 F2d 946 [Texas] _____

United States vs Morales Rosales
838 F2d 1359 [5th cir.1988] _____

United States vs. Female Juvenile
103 F3d 14 [5th cir. 1996] _____

United States vs Fonner
920 F2d 1330 _____

983 F2d 558
_____

-17-

18 USCA _____