UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA

V.

JOSE ALEXANDER RAPALO FAJARDO

NO: C.A. NO. B-02-035
(Cr. No. B-00-334-01)

United States Courts
Southern District of Texas
FILED
MAY 1 6 2002
Michael N. Milby, Clerk

PETITIONER'S MOTION FOR NOTIFICATION OF A DECISION ISSUED BY THE U.S. COURT OF APPEALS FOR THE FIFTH CIRCUIT AS MANDATED

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Jose Fajardo, the petitioner herein acting pro-se and summits this Notification of Mandate issue by the Honorable Court of Appeals for the Fifth Cir. and would show this Honorable Court as follow:

At this time petitioner would invoke the United States Supreme Court decision on Haynes vs, Kerner 404-U.S. – 30 L Ed. 2d. 519 (1975) Wherein the Court held that allegations of a pro-se complaint to less stringent standards than formal pleadings drafted by lawyers, and would respectfully ask this Honorable Court to Construct this Motion liberally for the best interest of Justice, and all the parties involved.

1.

## ISSUE IN GENERAL

Petitioner filed a Motion for Modification of Sentence pursuant to title 18 U.S.C. 3582 ( C ) ( 2 ), based on the new Amendments enacted by the Sentencing Commission on the First of November of 2001. Particularity amendment 632 and 2L1.2 of the United States Sentencing Guidelines.

Petitioner gives notice of the lattes decision issued by the Honorable Court of Appeals for the Fifth Circui8t concerning the issues and factors in this petitioner" motion for Modification of sentence, see United States vs. Mena Ramirez, 5th Cir. No. 01-41314 April 2002. Wherein the Court remanded that case with instructions to apply the new guidelines of 2L1.2 particularly amendment 632 effective November first 2001. The defendant on that case was previously convicted of drug offense and other crimes of violence, the Court of Appeals remanded that case for resenting with the new guidelines 2L1.2 ( C ). Petitioner at this time invokes the Honorable Court of Appeals for the Fifth Circuit decision on Mena Ramirez supra, so that this Honorable Court would follow up with the new law stated in this the Fifth Circuit.

And for the best interest of justice to prevent any other cost for the public interest to take into effect the new United States Court of Appeals for the Fifth Circuit Decision issued

April, of 2002.

2.

## CONCLUSION

For the foregoing reasons petitioner PRAYS that this Honorable Court would follow the new Mandate issued in the Fifth Cir and GRANT his original Motion filed for Modification of Sentence pursuant to 18 U.S.C. 3582 ( c ) (2) and/or for this honorable Court to GRANT any other relief for which may deem just and proper ON THIS DAY _14_ OF THIS MONTH OF __MAY__ OF THIS YEAR 2002.

              RESPECTFULLY SUBMITTED

              _____
              JOSE ALEXANDER RAPALO FAJARDO

## CERTIFICATE OF SERVICE

I JOSE ALEXANDER RAPALO FAJARDO, ON THIS DAY ____, OF THIS MONTH OF MAY OF THIS YEAR 2002. SEND A TRUE AND CORRECT COPY OF THIS MY NOTICE OF MOTION TO THE U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

NO: C.A. NO. B-02--35
    (Cr. No. B-00-334-01)

RESPECTFULLY SUBMITTED

------------------------------------
JOSE ALEXANDER RAPALO FAJARDO

cc/copy

ASSISTENT U.S. ATTORNEY
600 E. HARRISON
BROWNSVILLE, TEXAS  78520

# FEDERAL PUBLIC DEFENDER
## Southern District of Texas
Lyric Office Centre
Post Office Box 61508
Houston, Texas 77208-1508

DERAL PUBLIC DEFENDER
ROLAND E. DAHLIN II

rst Assistant:
THOMAS S. BERG

enior Litigation Counsel:
H. MICHAEL SOKOLOW

Telephone:
713.718.4600

Fax:
713.718.4610

26 de abril de 2002

FEDERAL EXPRESS NO. 8279 0167 1866
Sr. Jose Maximiliano Mena-Ramirez
Reg. No. 93606-079
Big Spring Correctional Center
Interstate Unit
1801 West I-20
Big Spring, TX 79720

Re: United States v. Jose Maximiliano Mena-Ramirez, 5th Cir. No. 01-41314

Estimado Sr. Mena-Ramirez:

De acuerdo con nuestra conversación telefónica hoy, le envío dos versiones de la misma declaración, una en inglés y la otra en español. Tal como discutimos por teléfono, le pido que firme ambos documentos ante un notario público y que me los devuelva **inmediatamente**.

Es imprescindible que Ud. me devuelva estos documentos **lo antes posible**, cualquier demora puede resultar en que el gobierno cambie de idea y retire su oferta.

Permítame resumir lo que está pasando en su caso de apelación. Después de revisar el record en su caso, yo estaba de la opinión que no había nada que pudiera convencer al Tribunal de Apelaciones a bajar su sentencia. Ni tampoco podía Ud. aprovecharse del cambio que ocurrió en las Pautas a partir del 1º de noviembre de 2001, ya que Ud. fue sentenciado antes de esa fecha.

Ya que la nueva pauta era algo de novedad, su abogado no estaba completamente enterado de cómo funcionaría. Se creía que, aún si se aplicara la nueva pauta en su caso, no lo beneficiaría a Ud. y así se lo dijo al juez. Sin embargo, ella estaba equivocado. Bajo la nueva pauta, Ud. se habría enfrentado a sólo 30 a 37 meses de prisión, tal como discutimos por teléfono.

Ud. no tiene ningún derecho a que la nueva pauta se le aplique ahora, ya que era perfectamente correcto aplicar la antigua pauta a sentencias impuestas antes del 1º de noviembre. Sin embargo, ya que el juez preguntó específicamente acerca del efecto del cambio en su caso, y ya que la abogada le dio al juez información equivocada, el gobierno está dispuesto a consentir a que (1) la sentencia

e Maximiliano Mena-Ramirez
de abril de 2002
.gina 2

.e 57 meses sea anulada y (2) Ud. sea resentenciado a 30 meses, **bajo las siguientes condiciones**: 'rimero, Ud. tiene que consentir a que el juez lo resentencie en su ausencia, es decir sin otra audiencia de sentencia. Segundo. Ud. tiene que renunciar cualquier otra apelación directa de su condena o de su sentencia.

Si Ud. sigue conforme con estas condiciones, por favor hágame el favor de firmar las declaraciones incluídas **ante un notario** y devolvérmelas **inmediatamente**. Incluyo un sobre sellado en el que nos puede devolvernos las declaraciones por correo.

Debo enfasizarle que es de suma importance que Ud. actue con la máxima prisa. Estése seguro que le mantendremos informado de cualquier acción tomada en su caso.

Sin más por el momento, y con deseos de que Ud. se encuentre bien, me quedo

          Atentamente,

          *Laura Leavitt*

          Laura Fletcher Leavitt
          Assistant Federal Public Defender

Anexos

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

UNITED STATES OF AMERICA
    Plaintiff,

v.                                                      Cr. No. L-01-553

JOSE MAXIMILIANO MENA-RAMIREZ,
    Defendant.

## DECLARACION JURADA

Ante mí, la suscrita autoridad, compareció JOSE MAXIMILIANO MENA-RAMIREZ, el cuál bajo juramento declaró lo siguiente:

1. Mi nombre es Jose Maximiliano Mena-Ramirez y soy el acusado en el caso nombrado arriba.

2. Entiendo que el Tribunal de Apelaciones del Quinto Circuito ha anulado la sentencia en mi caso y ha remandado para que yo sea resentenciado bajo la versión de las Pautas de Sentencias que tomó efecto el 1º de noviembre de 2001, y específicamente con aplicación de la pauta 2L1.2 de esas nuevas pautas.

3. Entiendo que, con aplicación de dichas provisiones a mi caso, las Pautas de Sentencia dictan una sentencia de prisión de 30 a 37 meses.

4. También entiendo que, con respecto a la cuestión de resentenciarme, tengo el derecho de estar presente en la audiencia de sentencia y de hablar de mi propia parte en tal audiencia, para tratar de convencerle al juez que me sea clemente en sentenciarme.

ffidavit of Jose Maximiliano Mena-Ramirez
:gunda Página de Dos Páginas Total

5. Sin embargo, yo, por el presente documento, renuncio mis derechos de estar presente en la audiencia de sentencia y de hablar de mi propia parte en tal audiencia, con tal que el tribunal no me sentencie a más de 30 meses de prisión. En otras palabras, si el tribunal está preparado a darme una sentencia de 30 meses de prisión (o menos), yo consiento a que el tribunal me resentencie <u>in absentia</u> y que el tribunal expida su juicio en conformidad.

6. Con tal que el tribunal me resentencie a un término de prisión de 30 meses (o menos), no tomaré ninguna apelación directa más, ni de la nueva sentencia ni de la condena.

7. He consultado con mi abogado respecto a todos estos asuntos, y me ha dado una copia de una traducción (de inglés a español) de esta declaración, la cual he firmado y ejecutado ante un notario público. Por tanto, yo entiendo, y estoy de acuerdo con, todas las provisiones de esta declaración.

EL DEPONENTE NO DICE MAS.

DATE: 4/29/02

JOSE MAXIMILIANO MENA-RAMIREZ

SUBSCRIBED AND SWORN to before me this 29 day of April, 2002.

Tonya Williams
Notary Public in and
for the State of Texas



TONYA WILLIAMS
Notary Public, State of Texas
My Commission Expires 12-27-2004

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

UNITED STATES OF AMERICA
　　　　　Plaintiff,

v.	Cr. No. L-01-553

JOSE MAXIMILIANO MENA-RAMIREZ,
Defendant.

## AFFIDAVIT

Before me, the undersigned authority, did appear JOSE MAXIMILIANO MENA-RAMIREZ, who on his oath did declare as follows:

1. My name is Jose Maximiliano Mena-Ramirez, and I am the defendant in the above-captioned case.

2. I understand that the Fifth Circuit has vacated the sentence in my case, and has remanded for resentencing, which is to be under the November 1, 2001, version of the Federal Sentencing Guidelines, and particularly with application of the 2001 version of USSG § 2L1.2.

3. I understand that, with the application of said provisions to my case, my Guidelines range of imprisonment is 30-37 months.

4. I also understand that, upon resentencing, I have the right to be present at the resentencing and to allocute, i.e., to personally plead for leniency from the Court.

5. Nevertheless, I hereby agree to waive my rights to be present at a resentencing, and to allocute, provided that the Court does not sentence me to more than 30 months of imprisonment. In other words, if the Court is willing to resentence me to a term of imprisonment of no more than 30 months, I agree to a resentencing in absentia and to entry of judgment thereon.

Affidavit of Jose Maximiliano Mena-Ramirez
Page Two of Two

6. I further agree that, if the Court resentences me to a term of imprisonment not exceeding 30 months, I will not pursue a further direct appeal of my conviction or sentence in this case.

7. I have consulted with counsel regarding all of the above matters, and I have been provided with a Spanish translation of this affidavit, which I have likewise executed before a notary public. Accordingly, I understand, and agree, with all of the provisions of this affidavit.

FURTHER AFFIANT SAITH NOT.

DATE: 4/29/02

JOSE MAXIMILIANO MENA-RAMIREZ

SUBSCRIBED AND SWORN to before me this 29 day of April, 2002.

Sonia L Williams
Notary Public in and
for the State of Texas

TONYA WILLIAMS
Notary Public, State of Texas
My Commission Expires 12-07-2004