IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| vs. | § | CRIMINAL NO. B-00-334 |
| | § | CA B-02-35 |
| JOSE A. RAPALO-FAJARDO | § | |
| Defendant-Movant, | § | |
| (CIVIL ACTION. NO. B-02-35) | | |

**UNITED STATES' ANSWER, MOTION TO DENY RELIEF UNDER RULE 8(A), 28 U.S.C. FOLL. § 2255, AND SUPPORTING BRIEF**

The United States of America, Plaintiff-Respondent, by the United States Attorney for the Southern District of Texas, moves this court to deny relief under Rule 8(a), 28 U.S.C. foll. § 2255.

1.   **Jurisdiction.**   This court has jurisdiction under 28 U.S.C. § 2255.

2.   **Procedural history.**   Rapalo-Fajardo (hereafter "Rapalo") was charged with illegal reentry in violation of 8 U.S.C. § 1326 (a) and 1326(b). The indictment contained no specific allegation that Rapalo had, prior to committing the acts alleged in the indictment, been convicted of an aggravated felony offense; however, the indictment ended with a specific citation to 8 U.S.C. § 1326(b). He pled guilty to this offense before this court on September 27, 2000. Magistrate Judge Recio recommended that the district court accept the plea of guilty and enter a final judgement of guilty. Judge Talge accepted this court's recommendation on January 9, 2001, found him guilty as charged, and sentenced Rapalo to 57 months in the custody of the Bureau of Prison, 3 years supervised release, and a $100.

Rapalo appealed his sentenced to the Fifth Circuit, claiming that the felony conviction that resulted in his increased sentenced under 8 U.S.C. § 1326 was an element of the offense that should have been charged in the indictment. On October 29, 2001, the Fifth Circuit found that his argument

is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219 (1998), and that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000) did not overrule *Almendarez-Torres*. *United States v. Rapalo-Fajardo*, 275 F.3d 1082 (5th Cir. 2001), *cert. denied sub. nom., Uribe v. Hernandez v. United States*, 120 U.S. 2348, 122 S.Ct. 1343 (2002). On March 26, 2002, he followed with 28 U.S.C. § 2255 motion.

3.      **Allegations.**  Rapalo claims that the district court (1) abused its discretion by enhancing his Sentencing Guideline level 16-points under USSG §2L1.1(b)(1)(A), and that (2) the district court should have considered his immigrant status for purpose of applying the Guidelines.

4.      **Transcripts.**  The transcripts of Rapalo's rearraignment and sentence are filed with this court under Docket entries # 23-25.

5.      **Evidentiary hearing.**  The allegations raised by Rapalo may properly be resolved on the basis of the record before this court, which conclusively shows that no relief is appropriate. No evidentiary hearing is required. *United States v Smith*, 915 F.2d 959, 964 (5th Cir. 1990); *United States v Santora*, 711 F.2d 41 (5th Cir. 1983). Under Rule 8(a), this court shall make such disposition of the motion as justice dictates.

6.      **Answer and motion to deny relief.**

Rapalo's challenge to the 16-level enhancement under USSG § 2L1.1(b)(1)(A) was resolved against him on direct appeal. He is not entitled to relitigate this claim collateral attack. *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 476 U.S. 1118, 106 S.Ct. 1977 (1986); *Kastenbaum v. United States*, 588 F.2d 138 (5th Cir.1979). Further, "[s]ection 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice

if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir.1994); *United States v. Faubion,* 19 F.3d 226, 233 (5th Cir. 1994); *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992).

To the extent that Rapalo challenges that he has been placed in a Bureau of Prisons facility designed for deportable aliens and has been denied generally described programs (such as medical care, high school to college studies, substance abuse programs or basic prerelease programs), he challenges the manner in which his sentence is being executed. Jurisdiction to address such claims exists under 28 U.S.C. § 2241, and he is incarcerated in the Western District of Texas, which falls outside this court's jurisdiction. *United States v. Cleto,* 956 F.2d 83, 84 (5th Cir. 1992); *United States v. Gabor,* 905 F.2d 76, 77-78 (5th Cir.1990). Moreover, Rapalo does not identify with specificity what "programs" the Bureau of Prisons has denied him or show that he has exhausted administrative remedies.

Even if Rapalo's claim that the district court should depart from the Sentencing Guidelines because he is a deportable alien could be reviewed on collateral attack, "'a court's refusal to grant a downward departure from the Guidelines may only be reviewed [on direct appeal] if the refusal was based on a violation of the law.'" *United States v. Wilson,* 249 F.3d 366, 380 (5th Cir. 2001)(citation omitted). Even if Rapalo had requested a departure based upon his deportable alien status, "'[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline.'" *United States v. Winters,* 105 F.3d 200, 205 (5th Cir. 1997) (quoting *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035 (1996)). Factors such as ineligibility to serve time in a minimum security prisons, to participate in release preparation

programs or for placement in a halfway house or home confinement because he is a deportable alien would not place his case outside of the heartland of the guidelines. *United States v. Charry Cubillos*, 91 F.3d 1342, 1344-45 (9th Cir. 1996)[1] ; *United States v. Lopez-Salas,* 266 F.3d 842, 849 (8th Cir. 2001)("the fact that a deportable alien may be subject to some increases in the severity of the conditions of confinement alone is not sufficient to make his case atypical or unusual"). This circuit has held that for a deportable alien "[c]ollateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment" that may incur following a federal conviction did not serve a basis for downward departure. *United States v. Nnanna,* 7 F.3d 420, 422 (5th Cir.1993). This circuit upheld this analysis under *Koon* in a case where the defendant had been convicted of an immigration case. *United States v. Garay,* 235 F.3d 230, 232 (5th Cir. 2000), *cert. denied,* 532 U.S. 986, 121 S.Ct. 1633 (2001). *See also United States v. Venegas,* 126 F.3d 760 (5th Cir.1997)(Bureau of Prison acts within its discretion by categorically excluding certain inmates from

---

[1] "The Sentencing Reform Act gives the Bureau of Prisons the responsibility to 'designate the place of the prisoner's imprisonment.' 18 U.S.C. § 3621(b). The Bureau of Prisons "may designate any available penal or correctional facility ... that the Bureau determines is to be appropriate and suitable" considering, among other things, "the history and characteristics of the prisoner." *Id.* The Bureau has determined that a prisoner's 'deportable alien' status is a Public Safety Factor requiring increased safety measures. Cubillos's status as a deportable alien is a Public Safety Factor unless she can show: (1) verified strong family/community ties in the U.S.; (2) verified history of domicile (five years or more) in the U.S.; and (3) verified history of stable employment in the U.S. She does not qualify for an exception. Public Safety Factors require increased security measures to insure the protection of society."

"The Sentencing Reform Act also provides that the Bureau 'shall, to the extent practicable, assure" that a prisoner spend some portion of the last 10% of term of imprisonment under conditions that will allow the prisoner to prepare for "re-entry into the community.' 18 U.S.C. § 3624(c). A 'deportable alien' is not to be released back into the community. Pending deportation, the deportable alien must be released to the custody of the Attorney General. 8 U.S.C. § 1252(a)(2)(A). Since Cubillos will not 'prepare for re-entry into the community,' she is not eligible for community confinement under § 3624(c)."

eligibility for early release);*United States v. Lopez-Salas*, 266 F.3d 842, 847-848 (8th Cir. 2001)(BOP discretion to exclude prisoners who have an INS detainer filed against them).

3. For these reasons, Rapalo's motion to vacate sentence should be denied under Rule 8(a), 28 U.S.C. Foll. § 2255, as without merit.

                                                Respectfully submitted,

                                                MICHAEL T. SHELBY
                                                United States Attorney

                                                PAULA C. OFFENHAUSER
                                                Assistant United States Attorney
                                                910 Travis Street, Suite 1500
                                                P.O. Box 61129
                                                Houston, Texas 77208-1129
                                                (713) 567-9101

## CERTIFICATE OF SERVICE

I, Paula C. Offenhauser, Assistant United States Attorney, certify that the United States' opposition to Defendant's motion to vacate under 28 U.S.C. § 2255 has been served placing it in the United States mail postage prepaid, to Mr. Jose Rapalo-Fajardo, FCI Reg. No. 94229-079, San Antonio CCM, 727 E. Durango Blvd., Room B138, San Antonio, Texas 78206 on this day May 22nd, 2002.

PAULA C. OFFENHAUSER
Assistant United States Attorney