United States Courts
Southern District of Texas
FILED

NC

JUN 0 7 2002

Michael N. Milby, Clerk

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

## JOSE RAPALO-FAJARDO

## V.

## UNITED STATES OF AMERICA

### No. B-00-334

*CAB - 002 - 35*

## PETITIONER'S MOTION FOR LEAVE TO FILE BRIEF

## TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Jose Rapalo-Fajardo, the petitioner herein acting Pro-Se and summits this motion to leave to file a breif. In addition, would show this Honorable Court as follow:

At this time petitioner would invoke the United States Supreme Court decision on **Haynes vs. Kerner 404 – U.S. – 30 Led. 2d. 519 (1975)** Wherein the court held that allegations of a Pro-Se complaint to less stringent standards than formal pleadings drafted by lawyers, and would respectfully ask this Honorable Court to Construct this Motion liberally for the best interest of Justice, and all the parties involved.

On May 22, United States, Attorney serviced me with copies of appellee's answer brief. The Government argues the Amendment 632 it not listed in the new book of the guidelines 2001.

The court have the Juridiction to reduce the sentence to the defendet's pursuant to 18 U.S.C. § 3582 (C) (2), when the Commmission made a "CLARIFICATION" to desolve the conflict existent in the court. The Commission in the new application, of the 2L1.2 New Guidelines. 2001 clearly explein the **application of subsections**[1] to applying to the defendet's.

---

[1] **3582 (c)(1)(A)** of title 18, shall describe what should be "**considered extraordinary**" and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific example. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason. **28 § 994 (t)** The Commission, in promulgating general police statements regarding the sentencing Modification provision in section **28 § 994 (u)** If the Commission reduces the term of imprisonment **recommended in the guidelines** applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentence of prisioners serving term of imprisonment for the offense may be reduce.

## ISSUE IN GENERAL

In Re to **United States vs. Mena Ramirez, 5th Cir. No. 01-41314 April 2002**, Wherein the court "remanded" that case with instructions to apply the new guidelines of 2L1.2 particularly amendment 632 effective November 1, 2001, the defendant in this case was previously convicted of drug offenses and other crimes of violence:

In **Guidelines Manual §2L1.2,** *application notes 2 application of subsection (b)(1)(C)* **[pg. 216,217 and 218]** states: **[Exibit-A]**

> *(C)    A conviction for an aggravated felony, increase by 8 levels.*
>
> *For purposes for subsection (b)(1)(C), "aggravated felony" has the meaning given that term in 8 USC §1101(a)(43),* **"without regared to the date of conviction of the aggravated felony".**

Specifically states that if your conviction fall under 8 USC §1101(a)(43)[2] then that conviction should be applied under subsection (b)(1)(C) for purposed of appling the 8 point [not 16 point] enhancement.

Additionally, comments presented for the new guidelines states that the purpose of the amendment was to apply the new guidelines more gradually, to avoid giving disproportional sentences (e.g. A defendant who previously was convicted of murder, for example, recieves the same 16-level enhancement as a defendant previously convicted of simple assault), furthermore at the end of the comments it states that this "amendment will make a number of **other** minor changes to §2L1.2"... looking at the simple language that is in the comments, the Sentence Commision clearly meant this amendment as "CLARIFYING" one and

---

2L1.2 Unlawfully Entering or Remaining in the United States    2L1.2 (C)  a conviction for an aggravated felony, invrease by 8 levels;

thus retroactive.   This could be the reason why the Commission neglected to list it in USSG §1B1.10.

# CONCLUSION

For the foregoing reasons movant **PRAY** that this Honorable Court would follow the new Mandate issued in the Fifth Circuit and **GRANT** his orginal Motion filed for Modification of Sentence Pursuant to 18 U.S.C. 3582(c)(2) And or for this Honorable Court to **GRANT** any Other relief which may deem just and proper.

RESPECTFULLY SUBMITTED

JOSE RAPALO-FAJARDO

---

[2] Petitioners (Sales of Control Substance) clearly falls under the 8 point enhancement [2L1.1 subsection (b)(1)(C)]

Replay Brief pg.4

*EXIBIT — A*

**§2L1.2.  Unlawfully Entering or Remaining in the United States**

    (a)    Base Offense Level: **8**

    (b)    Specific Offense Characteristic

        (1)    Apply the Greatest:

            If the defendant previously was deported, or unlawfully remained in the United States, after—

            (A)    a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense committed for profit, increase by **16** levels;

            (B)    a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by **12** levels;

            (C)    a conviction for an aggravated felony, increase by **8** levels;

            (D)    a conviction for any other felony, increase by **4** levels; or

            (E)    three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, increase by **4** levels.

            *Commentary*

*Statutory Provisions*: 8 U.S.C. § 1325(a) (second or subsequent offense only), 8 U.S.C. § 1326. For additional statutory provision(s), *see* Appendix A (Statutory Index).

*Application Notes*:

1.    *Application of Subsection (b)(1).*—

    (A)    *In General.*—For purposes of subsection (b)(1):

        (i)    *A defendant shall be considered to be deported after a conviction if the defendant has been removed or has departed the United States while an order of exclusion, deportation, or removal was outstanding.*

        (ii)    *A defendant shall be considered to be deported after a conviction if the*

deportation was subsequent to the conviction, regardless of whether the deportation was in response to the conviction.

(iii)    A defendant shall be considered to have unlawfully remained in the United States if the defendant remained in the United States following a removal order issued after a conviction, regardless of whether the removal order was in response to the conviction.

(iv)    If all or any part of a sentence of imprisonment was probated, suspended, deferred, or stayed, "sentence imposed" refers only to the portion that was not probated, suspended, deferred, or stayed.

(B)    *Definitions.*—For purposes of subsection (b)(1):

(i)    "Committed for profit" means committed for payment or expectation of payment.

(ii)    "Crime of violence"—

(I)    means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and

(II)    includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

(iii)    "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

(iv)    "Felony" means any federal, state, or local offense punishable by imprisonment for a term exceeding one year.

(v)    "Firearms offense" means any of the following:

(I)    An offense under federal, state, or local law that prohibits the importation, distribution, transportation, or trafficking of a firearm described in 18 U.S.C. § 921, or of an explosive material as defined in 18 U.S.C. § 841(c).

(II)    An offense under federal, state, or local law that prohibits the possession of a firearm described in 26 U.S.C. § 5845(a), or of an explosive material as defined in 18 U.S.C. § 841(c).

(III)    A violation of 18 U.S.C. § 844(h).

(IV)   A violation of 18 U.S.C. § 924(c).

(V)    A violation of 18 U.S.C. § 929(a).

2.   *Application of Subsection (b)(1)(C).*—For purposes of subsection (b)(1)(C), "aggravated felony" has the meaning given that term in 8 U.S.C. § 1101(a)(43), without regard to the date of conviction of the aggravated felony.

3.   *Application of Subsection (b)(1)(E).*—For purposes of subsection (b)(1)(E):

   (A)   "Misdemeanor" means any federal, state, or local offense punishable by a term of imprisonment of one year or less.

   (B)   "Three or more convictions" means at least three convictions for offenses that (i) were separated by an intervening arrest; (ii) did not occur on the same occasion; (iii) were not part of a single common scheme or plan; or (iv) were not consolidated for trial or sentencing.

4.   *Aiding and Abetting, Conspiracies, and Attempts.*—Prior convictions of offenses counted under subsection (b)(1) include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses.

5.   *Computation of Criminal History Points.*—A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History).

Historical Note: Effective November 1, 1987. Amended effective January 15, 1988 (see Appendix C, amendment 38); November 1, 1989 (see Appendix C, amendment 193); November 1, 1991 (see Appendix C, amendment 375); November 1, 1995 (see Appendix C, amendment 523); November 1, 1997 (see Appendix C, amendment 562); November 1, 2001 (see Appendix C, amendment 632).

## §2L1.3. [Deleted]

Historical Note: Section 2L1.3 (Engaging in a Pattern of Unlawful Employment of Aliens), effective November 1, 1987, was deleted effective November 1, 1989 (see Appendix C, amendment 194).

\* \* \* \* \*

## 2.   NATURALIZATION AND PASSPORTS

§2L2.1.   **Trafficking in a Document Relating to Naturalization, Citizenship, or Legal Resident Status, or a United States Passport; False Statement in Respect to the Citizenship or Immigration Status of Another; Fraudulent Marriage to Assist Alien to Evade Immigration Law**

   (a)   Base Offense Level:  11