UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 1 7 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOSE A. RAPALO-FAJARDO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-35 |
| | § | CRIMINAL NO. B-00-334 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

Jose A. Rapalo-Fajardo has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set Aside, or Correct Sentence. For the reasons set out below, Petitioner's 28 U.S.C. § 2255 Application should be DENIED.

### BACKGROUND

On August 1, 2000, Petitioner was charged by indictment in the Southern District of Texas, Brownsville Division, with illegal reentry, in violation of Title 8 U.S.C. § 1326(a) and 1326(b). Petitioner was arrested for unlawful reentry into the United States after being previously deported from the United States to Honduras on March 28, 2000 due to his conviction of transporting and/or selling a controlled substance in San Francisco County, California. The indictment contained no specific allegation that Rapalo-Fajardo had, prior to committing the acts alleged in the indictment, been convicted of an aggravated felony offense; however, the indictment ended with a specific citation to 8 U.S.C. § 1326(b). Petitioner pleaded guilty to the indictment on September 27, 2000.

On January 9, 2001, the District Court found Petitioner guilty as charged and sentenced Petitioner to fifty-seven (57) months incarceration followed by a three-year period of supervised

release. The District Court also ordered Petitioner to pay $100 in mandatory costs. Petitioner appealed his sentence to the Fifth Circuit claiming that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326 was an element of the offense that should have been charged in the indictment. On October 29, 2001, the Fifth Circuit found that his argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, and that *Apprendi v. New Jersey* did not overrule *Almendarez-Torres*.[1] On March 26, 2002, Petitioner filed this timely 28 U.S.C. § 2255 Application.

## ALLEGATIONS

Petitioner alleges that the District Court erred in three ways: **(1)** the District Court abused its discretion by enhancing his Sentencing Guideline level by 16 points under U.S.S.G. § 2L1.1(b)(1)(A), **(2)** the District Court should have considered his immigrant status when applying the Sentencing Guidelines, and **(3)** the District Court should have applied an 8 point enhancement instead of a 16 point enhancement pursuant to the amendment of 2L1.2(b)(1)(C) which became effective November 1, 2001. Petitioner claims that his prior conviction should have been clearly stated in the indictment, and because it was not, he should not have received a 16-level enhancement. He claims that the District Court's failure to consider his immigrant status entitles him to a downward departure. Petitioner also claims that the amendment to the Sentencing Guidelines requires an enhanced sentence of only 8 levels for his aggravated felony conviction. In addition, he challenges the manner in which his sentence is being executed in that he has been placed in a Bureau of Prisons facility designed for deportable aliens and has been

---

[1] *United States v. Rapalo-Fajardo*, 275 F.3d 1082 (5th Cir. 2001), *cert. denied sub. nom., Uribe-Hernandez v. United States*, 122 S. Ct. 1343 (2002); *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219 (1988); *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).

2

denied generally described programs such as medical care, high school to college studies, substance abuse programs, or basic pre-release programs.

## ANALYSIS

A. <u>Petitioner's Challenge to 16-level Enhancement Under U.S.S.G. § 2L1.1(b)(1)(A)</u>

Petitioner's challenge to the 16-level enhancement was resolved against him on direct appeal, therefore, he is not entitled to relitigate this claim on collateral attack.[2] "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions."[3] In this case, Petitioner alleges that the District Court misapplied the Sentencing Guidelines. As discussed above, this is a claim that does not entitle Petitioner to § 2255 relief.

B. <u>Petitioner's Challenge to District Court's Failure to Consider Immigrant Status</u>

Jurisdiction to address claims challenging the manner in which the sentence is being executed exists under 28 U.S.C. § 2241. Rapalo-Fajardo is incarcerated in the Western District of Texas, which falls outside this Court's jurisdiction.[4] Furthermore, Rapalo-Fajardo does not identify with specificity what programs the Bureau of Prisons has denied him or show that he has exhausted administrative remedies.

---

[2] *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 476 U.S. 1118, 106 S. Ct. 1977 (1986); *Kastenbaum v. United States*, 588 F.2d 138 (5th Cir. 1979).

[3] *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

[4] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992); *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990).

Even if Rapalo-Fajardo's claim that the District Court should depart from the Sentencing Guidelines based on his immigrant status could be reviewed on collateral attack, "a court's refusal to grant a downward departure from the Guidelines may only be reviewed [on direct appeal] if the refusal was based on a violation of the law."[5] "Before a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline."[6] "The fact that a deportable alien may be subject to some increases in the severity of the conditions of confinement alone is not sufficient to make his case atypical or unusual" enough to entitle him to a downward departure in the Sentencing Guidelines.[7] This circuit has held that for a deportable alien "collateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment" that may incur following a federal conviction did not serve a basis for downward departure.[8] Since Petitioner's immigrant status does not warrant a downward departure of the Sentencing Guidelines, he is not entitled to § 2255 relief.

C. Petitioner's Challenge to District Court's Failure to Use Amended Sentencing Guidelines

The Petitioner was sentenced by the District Court on January 9, 2001, in accordance with the Sentencing Guidelines that were in effect at that time. The Sentencing Guidelines were

---

[5] *United States v. Wilson*, 249 F.3d 366, 380 (5th Cir. 2001).

[6] *United States v. Winters*, 105 F.3d 200, 205 (5th Cir. 1997) (quoting *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035 (1996)).

[7] *United States v. Lopez-Salas*, 266 F.3d 842, 849 (8th Cir. 2001).

[8] *United States v. Nnanna*, 7 F.3d 420, 422 (5th Cir. 1993).

amended effective November 1, 2001, and the changes could possibly have resulted in a more lenient sentence for the Petitioner. Thus, he requested the new guidelines to be retroactively applied to his case and applied in a re-sentencing. However, "an amendment to a sentencing rule that became effective after the imposition of the defendant's sentence is not applicable to the lower court's sentencing decision."[9] Therefore, the Petitioner's request should be denied. Because of the afore mentioned reasons, this case should be dismissed summarily in accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings.

### RECOMMENDATION

For the reasons stated above, it is recommended that Petitioner's 28 U.S.C. § 2255 Application be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[10]

DONE at Brownsville, Texas, this __16th__ day of June, 2002.

*[signature]*

Felix Recio
United States Magistrate Judge

---

[9] 8 FED PROC, L. ED. § 22:8.

[10] *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).