UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 1 3 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOSE A. RAPALO-FAJARDO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-35 |
| | § | CRIMINAL NO. B-00-334 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

Jose A. Rapalo-Fajardo has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set Aside, or Correct Sentence. For the reasons set out below, Petitioner's 28 U.S.C. § 2255 Application should be DENIED.

### BACKGROUND

On August 1, 2000, Petitioner was charged by indictment in the Southern District of Texas, Brownsville Division, with illegal reentry, in violation of Title 8 U.S.C. § 1326(a) and 1326(b). Petitioner was arrested for unlawful reentry into the United States after being previously deported from the United States to Honduras on March 28, 2000 due to his conviction of transporting and/or selling a controlled substance in San Francisco County, California. The indictment contained no specific allegation that Rapalo-Fajardo had, prior to committing the acts alleged in the indictment, been convicted of an aggravated felony offense; however, the indictment ended with a specific citation to 8 U.S.C. § 1326(b). Petitioner pleaded guilty to the indictment on September 27, 2000.

On January 9, 2001, the District Court found Petitioner guilty as charged and sentenced Petitioner to fifty-seven (57) months incarceration followed by a three-year period of supervised

release.  The District Court also ordered Petitioner to pay $100 in mandatory costs.  Petitioner

appealed his sentence to the Fifth Circuit claiming that the felony conviction that resulted in his

increased sentence under 8 U.S.C. § 1326 was an element of the offense that should have been

charged in the indictment.  On October 29, 2001, the Fifth Circuit found that his argument is

foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States,* and that

*Apprendi v. New Jersey* did not overrule *Almendarez-Torres.*[1]  On March 26, 2002, Petitioner

filed this timely 28 U.S.C. § 2255 Application.

### ALLEGATION

Petitioner alleges that the District Court erred in two ways: (1) the District Court abused

its discretion by enhancing his Sentencing Guideline level by 16 points under U.S.S.G. §

2L1.1(b)(1)(A), and (2) the District Court should have considered his immigrant status when

applying the Sentencing Guidelines.  Petitioner claims that his prior conviction should have been

clearly stated in the indictment, and because it was not, he should not have received a 16-level

enhancement.  He also claims that the District Court's failure to consider his immigrant status

entitles him to a downward departure.  In addition, he challenges the manner in which his

sentence is being executed in that he has been placed in a Bureau of Prisons facility designed for

deportable aliens and has been denied generally described programs such as medical care, high

school to college studies, substance abuse programs, or basic pre-release programs.

---

[1] *United States v. Rapalo-Fajardo,* 275 F.3d 1082 (5th Cir. 2001), *cert. denied sub. nom., Uribe-Hernandez v. United States,* 122 S. Ct. 1343 (2002); *Almendarez-Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219 (1988); *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348 (2000).

## ANALYSIS

A. Petitioner's Challenge to 16-level Enhancement Under U.S.S.G. § 2L1.1(b)(1)(A)

Petitioner's challenge to the 16-level enhancement was resolved against him on direct appeal, therefore, he is not entitled to relitigate this claim on collateral attack.[2] "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions."[3] In this case, Petitioner alleges that the District Court misapplied the Sentencing Guidelines. As discussed above, this is a claim that does not entitle Petitioner to § 2255 relief.

B. Petitioner's Challenge to District Court's Failure to Consider Immigrant Status

Jurisdiction to address claims challenging the manner in which the sentence is being executed exists under 28 U.S.C. § 2241. Jurisdiction under § 2241 is found in the district where the Petitioner is confined. Rapalo-Fajardo is incarcerated in the Northern District of Texas, which falls outside this Court's jurisdiction.[4] Furthermore, Rapalo-Fajardo does not identify with specificity what programs the Bureau of Prisons has denied him or show that he has exhausted administrative remedies. Any claims that Rapolo-Fajardo advances which pertain to the execution of his sentence should be brought in the Northern District of Texas, Abilene

---

[2] *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 476 U.S. 1118, 106 S. Ct. 1977 (1986); *Kastenbaum v. United States*, 588 F.2d 138 (5th Cir. 1979).

[3] *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

[4] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992); *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990).

3

Division.

Even if Rapalo-Fajardo's claim that the District Court should depart from the Sentencing Guidelines based on his immigrant status could be reviewed on collateral attack, "a court's refusal to grant a downward departure from the Guidelines may only be reviewed [on direct appeal] if the refusal was based on a violation of the law."[5] "Before a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline."[6] "The fact that a deportable alien may be subject to some increases in the severity of the conditions of confinement alone is not sufficient to make his case atypical or unusual" enough to entitle him to a downward departure in the Sentencing Guidelines.[7] This circuit has held that for a deportable alien "collateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment" that may incur following a federal conviction did not serve a basis for downward departure.[8] Since Petitioner's immigrant status does not warrant a downward departure of the Sentencing Guidelines, he is not entitled to § 2255 relief. Therefore, this case should be dismissed summarily in accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings, except for claims which arise out of the execution of Petitioner's sentence.

---

[5] *United States v. Wilson*, 249 F.3d 366, 380 (5th Cir. 2001).

[6] *United States v. Winters*, 105 F.3d 200, 205 (5th Cir. 1997) (quoting *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035 (1996)).

[7] *United States v. Lopez-Salas*, 266 F.3d 842, 849 (8th Cir. 2001).

[8] *United States v. Nnanna*, 7 F.3d 420, 422 (5th Cir. 1993).

4

## RECOMMENDATION

For the reasons stated above, it is recommended that Petitioner's 28 U.S.C. § 2255 Application be DENIED. It is also recommended that Petitioner's complaints regarding the execution of his sentence be transferred to the Northern District of Texas, Abilene Division.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[9]

DONE at Brownsville, Texas, this ___13th___ day of September, 2002.

_____
Felix Recio
United States Magistrate Judge

---

[9] *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).